T. D. 42643. Certainly, it cannot be said, on the basis of the proof before me, that the two totally different descriptions—"hard candies" and "lemon drops"—refer to the same or identical merchandise.

Whether the two commodities are similar is a matter of proof, concerning which the record herein is insufficient. Neither samples nor analyses of the two products were offered by either party. Nor is there any testimony showing relative properties of the "hard candies" in question and the allegedly comparable "lemon drops."

The matter of similarity between an imported product and a comparable one sold in the foreign market has been the subject of much litigation in reappraisement proceedings, and determination thereof requires consideration of several phases of the two articles the subject of such discussion. See *T. W. Holt & Co.* v. *United States*, 23 Cust. Ct. 243, Reap. Dec. 7714, decided as recently as July 11, 1949.

The record herein is too indefinite for a positive conclusion on the issue of similarity as it arises in the present case. It would seem, under the circumstances, that the interests of justice would be best served by giving the parties an opportunity to offer further proof on the matter.

It is therefore ORDERED that the case be restored to a calendar which the chief judge, in his discretion, deems proper.

UNITED STATES *v.* THE STEWART DRY GOODS CO.

No. 7745.—

Entry No. 48.

(Decided October 14, 1949)

*David N. Edelstein*, Assistant Attorney General, for the plaintiff.
Defendant not represented by counsel.

RAO, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that at the time of exportation of the merchandise involved herein such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States as follows:

| Style | Argentine "Undesignated" pesos | |
|-------|-------|---|
| 2819 | 16.25 | |
| 2873 | 18.75 | |
| 2818 | 18.75 | plus 1¼% sales tax, plus packing, each |
| 2817 | 16.75 | |
| 2876 | 19.60 | |
| 2923 | 33.50 | |

IT IS FURTHER STIPULATED AND AGREED, that there was no higher foreign value for the merchandise herein at the time of exportation thereof.

IT IS FURTHER STIPULATED AND AGREED that this case may be submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values were as follows:

| Style | Argentine "Undesignated" pesos | |
|---|---|---|
| 2819 | 16.25 | |
| 2873 | 18.75 | |
| 2818 | 18.75 | plus 1¼ per centum sales tax, plus packing, each |
| 2817 | 16.75 | |
| 2876 | 19.60 | |
| 2923 | 33.50 | |

Judgment will be entered accordingly.

UNITED STATES v. THE STEWART DRY GOODS CO.

No. 7746.—

Entry No. 63.

(Decided October 14, 1949)

David N. Edelstein, Assistant Attorney General, for the plaintiff.
Defendant not represented by counsel.

RAO, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that at the time of exportation of the merchandise involved herein such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States as follows:

Argentine "undesignated" pesos 22, plus packing, each.

IT IS FURTHER STIPULATED AND AGREED, that there was no higher foreign value for the merchandise herein at the time of exportation thereof.

IT IS FURTHER STIPULATED AND AGREED that this case may be submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such value was Argentine "undesignated" pesos 22, plus packing, each.

Judgment will be entered accordingly.